# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC LATROY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-154 |
| | ) | |
| SCMPD (CNT AGENTS), | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Proceeding *pro se* and *in forma pauperis*, Eric LaTroy Harris brings this 42 U.S.C. § 1983 action against two unknown Counter Narcotics Team agents at the Savannah Chatham Metropolitan Police Department (SCMPD). Doc. 1. The Court is screening his Complaint under 28 U.S.C. § 1915A.[1]

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id*. Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court examines Plaintiff's Complaint to determine whether he has

Harris is confined at Chatham County Jail. Doc. 1 at 2. He alleges that on July 13, 2017, SCMPD Counter Narcotics Team agents entered a home he was visiting, ordered him to the ground, put him in handcuffs, then lifted him bodily by his arms and dragged him out. *Id.* at 3. This "treatment was very unwarranted," he contends, because he "was never found in possession of any illegal drugs." *Id.* As a result, he received "multiple abrasions to [his] arms and legs as well as [an] unknown injury to [his] back." *Id.* at 4. He seeks $1.5 million in compensation for the "cruel and unusual punishment [he] received as well as for the defamation of character, mental anguish, pain and suffering that [he] endured at the hands of SCMPD." *Id.* at 4.

Liberally construed, plaintiff alleges that SCMPD officers utilized excessive force during his arrest. He does not, however, tell the Court what he was arrested for. Prior to screening, Harris must amend his Complaint to further elucidate (1) the events that transpired on July 13, 2017, and (2) the charges that have been leveled against him in Chatham County criminal court.² Amendment is necessary to clarify whether his

---

stated a claim for relief under 42 U.S.C. § 1983.

² § 1983 claims for excessive force are tricky, depending on the facts of the case. They may end up being stayed, pending the outcome of the state court proceedings,

excessive force claim can survive screening.³

## III. CONCLUSION

Accordingly, the Court **ORDERS** Eric LaTroy Harris to file an Amended Complaint within 30 days of the day this Order is served or face a recommendation of dismissal. Harris is advised that his Amended Complaint will supersede the original Complaint and therefore must be complete in itself.⁴ Once he files an Amended Complaint, the original

---

where civil recovery would necessarily undermine plaintiff's criminal conviction. *Campos v. City of Naples*, 202 F. App'x 361, 383 (11th Cir. 2006) (in the case of a conviction for resisting arrest); *see Heck v. Humphrey*, 512 U.S. 477, 487 n. 6 (1994) (§ 1983 claim against arresting officer for unreasonable seizure in violation of Fourth Amendment is barred when state defendant is convicted of resisting arrest). Or they may go forward. *See Wallace v. Kato*, 549 U.S. 384, 394-96 (2007) (rejecting the notion that *Heck* applies to *ongoing* prosecutions, and explaining that the state always has "a strong interest in timely notice of alleged misconduct by [its] agents."); *Wells v. Cramer*, 158 F. App'x 203, 204 (11th Cir. 2005) (where the outcome of the § 1983 claim would *not* necessarily undermine any yet-to-be-imposed criminal conviction, it is not barred by *Heck*).

³ Harris must include a *coherent* "short and plain statement of the claim showing" that he is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). That means he must present the Court with the factual allegations that support his constitutional claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that defendant violated the law are not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Clerk of Court is **DIRECTED** to include with service of this Order a copy of the Southern District of Georgia's form prisoner § 1983 Complaint.

⁴ *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").

pleading will no longer serve any function in the case.

Meanwhile, it is time for Harris to pay his filing fee. His PLRA paperwork reflects a current balance of $16.45, with $2.25 in average monthly deposits and a $2.85 average reserved monthly balance over the six month period prior to the date of his Prison Account Statement. Doc. 5. He therefore owes a $0.71 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $0.71 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff

shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED**, this __18th__ day of September, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA