UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC LATROY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-154 |
| | ) | |
| SCMPD (CNT AGENTS), | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

*Pro se* plaintiff Eric Harris has alleged that he was subjected to excessive force by unknown "CNT Agents" when he was arrested in 2017. Doc. 8 at 5 (Amended Complaint). The Court directed the United States Marshal to serve the Complaint, and Chatham County, Georgia (the County) and the City of Savannah, Georgia (the City) filed a limited appearance and Answer on behalf of the police department and the unnamed agents. Doc. 16. After unsuccessful attempts at discovery, Harris moved the Court for an Order that defendants produce "any [and] all police reports[,] any [and] all video / audio footage from body cameras of officers involved in [his] arrest[, and] a list of all officers involved in [his] arrest." Doc. 24 at 1. When no opposition to the motion was timely

filed, the Court directed the defendants either to respond or show cause why they did not. Doc. 25. No response to that Order has been filed.

In their limited Answer, the County and City assert that no proper defendant has been named. Doc. 16 at 1 (asserting that "'SCMPD (CNT Agents)' is not a legal entity subject to suit," and the police department itself "is not a legal subdivision of a state, municipal corporation or county."). But, they also assert that "claims as alleged against CNT Agents, in their individual capacities, are barred by the doctrine of qualified immunity," and that "CNT agents are entitled to absolute quasi-judicial immunity in that CNT Agents were acting under the direct orders of a judicial order [sic]." *Id*. at 2-3. Based on those assertions, it appears that the responsive parties are in no doubt as to the identities of the agents referred to in the Harris' Complaint. It is equally clear, however, that those agents have not been properly served.

In the first place, Harris' failure to specifically identify the agents who arrested him is not fatal. A plaintiff may use a fictitious name to denote a defendant where that defendant's identity may be ascertained through discovery. *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (a plaintiff "may be able to describe an individual (e.g., the driver

of an automobile) without stating his name precisely or correctly." (quotes and cite omitted)). This Court has noted, however, that "where a plaintiff fails to discover the identity of John Doe defendants despite adequate time to do so, claims against such defendants should be dismissed." *McKnight v. McDuffie*, 2007 WL 1087280 at * 4 (S.D. Ga. April 9, 2007). The plaintiff cannot discharge that duty if he is denied access to the information.

Harris' request for a copy of the police report concerning the details of his arrest, or even just a list of the officers involved, appears tailored to identify the individual officers concerned, allow them to be served, and move this case along. The Court appreciates the procedural and jurisdictional complexities occasioned by such a request when there is no party who concedes effective service, but the Federal Rules mandate efficiency. *See* Fed. R. Civ. P. 1. Accordingly, the Court will impose some direction on this litigation.

The Court might construe Harris' request for a discovery order as a request for the issuance of a subpoena for documents, under Fed. R. Civ. P. 45. Rule 45 is the proper avenue to seek discovery against a non-

3

party, and the information Harris requests is clearly discoverable.[1] However, that process seems to add needless complexity and expense at this stage in the proceedings.[2] The Court, therefore, **DENIES** his current motion without prejudice. Doc. 24.

To avoid a more complicated and costly process, the Court **DIRECTS** counsel who prepared the limited Answer on behalf of the City and County to secure copies of the police incident reports pertaining to Harris' arrest on July 13, 2017. (Presumably those incident reports

---

[1] His request for any discovery beyond the identities of the officers is premature. "A court supervising prisoner pro se cases must prevent abuse of its subpoena power and, at the very least, ensure that subpoenas are used for permissible purposes." *Keith v. Mayes*, 2010 WL 3339041 at * 2 (S.D. Ga. Aug. 23, 2010). To the extent that his motion requests any information beyond what is necessary to identify the proper defendants, it is **DENIED**. Doc. 24. Once the proper defendants are identified, the Court will establish a discovery plan that sets a deadline for further discovery.

[2] The Court has been down the Rule 45 path with *pro se* parties before, and it is not without inherent difficulties -- even without the additional impediments faced by a plaintiff who is incarcerated. *See, e.g., Wilkerson v. Georgia*, 2015 WL 5449144, at * 2 (S.D. Ga. Sept. 10, 2015) (instructing the *pro se* plaintiff on the process for preparing and serving a subpoena). The Court is particularly concerned, however, to avoid not only burdening the United States Marshal with the difficulty and expense of serving a subpoena, but also with sparing defense counsel (and their clients) the inevitable problems associated with inartfully drafted Rule 45 subpoenas, the back-and-forth objections and responses then likely to ensue, and the mounting costs of time and money associated with the securing of basic information the plaintiff is undeniably entitled to receive (and that, most certainly, he *will* ultimately receive). *See* 28 U.S.C. 1915(d) (where a plaintiff is authorized to proceed *in forma pauperis*, "[t]he officers of the court shall issue and serve all process . . . ."); *James v. Scriber*, 2008 WL 3318879, at * 1 (E.D. Cal. Aug. 2008) (prisoner proceeding *pro se* and *in forma pauperis* "is entitled to service of the [Rule 45] subpoena by the United States Marshal."). Despite the additional complexity and expense, if the information is not produced in the manner the Court is directing here, then it will be forced to take additional steps to protect Harris' right to prosecute his claim.

4

reflect the identities of the officers who effected the arrest, but if there are other official reports that reflect those identities, counsel should furnish those as well.)  Counsel should file copies of those reports with the Clerk within thirty days from the date of this Order.  If the responding parties believe the records contain information which should be protected from public disclosure, they are free to request that the documents be sealed, pursuant to the Court's Local Rule 79.7.

    **SO ORDERED**, this <u>18th</u>  day of April, 2018.

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
