# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ERIC LATROY HARRIS, )
 )
    Plaintiff, )
 )
v. ) CV417-154
 )
SCMPD (CNT AGENTS), )
 )
    Defendants. )

## ORDER

*Pro se* plaintiff Eric Harris has filed a document with the Clerk captioned "Notice," which seeks additional documents from "Defendant." Doc. 29. Harris' filing follows a response to the Court's previous Order seeking clarification on the identities of the "agents" who allegedly used excessive force in effecting Harris' arrest. Doc. 27 & 28. That response indicates that Harris was provided with copies of various police documents on April 2, 2018. Doc. 28 at 1. Provision of those documents requires that Harris identify the officers he contends subjected him to excessive force so that they can be served, pursuant to Fed. R. Civ. P. 4(c)(3).

This Court's previous Order explained that, although failure to identify defendants by name in the Complaint is not fatal, failure to do so after adequate opportunity may require dismissal. Doc. 27 at 3 (quoting *McKnight v. McDuffie*, 2007 WL 1087280, at * 4 (S.D. Ga. April 9, 2007) ("[W]here a plaintiff fails to discover the identity of John Doe defendants despite adequate time to do so, claims against such defendants should be dismissed.")). Counsel for the City of Savannah and Chatham County, in response to the Court's request, have provided the police reports relevant to Harris' arrest. Doc. 28-1. Harris is, therefore, **DIRECTED** to amend his Complaint to identify the "CNT Agents" he contends subjected him to excessive force.[1] *See* doc. 1 at 3. **He must file that amendment, by signing it and placing it within his prison's mail system, within**

---

[1] The documents provided indicate that there were five "CNT Agents" present when Harris was arrested. *See* doc. 28-1 at 5 (listing officers Arango, Nevin, Mercer, McElaney, and Gundich as "on scene"). Harris' allegations do not indicate how many agents were involved in the alleged excessive force. *See* doc. 8 at 5 (alleging only that "the Agents proceeded to pick him up" by his cuffed arms and "drag [him] through the house"). The only physical contact between Harris and officers reflected in the reports is that "Lt. Gunditch" witnessed "Mr. Harris [being] assisted to his feet by two agents," but he does not identify those agents or provide any indication that the officers who "assisted" Harris were the same officers who allegedly subjected him to excessive force. Doc. 28-1 at 5. Other than that reference, the Court is unable to glean anything further concerning the possible identities of the officers Harris contends were involved in the excessive force.

**30 days from the date of this Order. Failure to comply may result in dismissal.** *See* Fed. R. Civ. P. 41.

To the extent that Harris' "Notice" seeks a discovery Order, it is **DENIED**. Doc. 29. In the first place, his request for "personnel files" for every officer "involved" in his arrest is over broad. *Id*. at 1. Since he only alleges that he was subjected to excessive force, it is not clear how the personnel files of officers other than those for the particular officers who allegedly exerted that force is even conceivably relevant. He also repeats his request for "audio/video footage of the arrest." *Id*. Counsel for the City and County have provided the Court with a copy of their response to his original request, which undertakes to provide those recordings in a supplement. Doc. 28-1 at 1. Since his most recent filing does nothing to contradict the sincerity of that undertaking, his repeated request is moot.

Harris is advised that, although the Court has approved his law suit for service, that approval does not give him unlimited license to litigate. First, he must comply with this Order, identify the relevant defendants so that they may be served with process, and they must answer. Those defendants, to say nothing of the City and County, may

assert immunity defenses that affect the scope of permissible discovery. *See, e.g., Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017) (requiring immunity defenses be resolved before parties were required to litigate claim's merits). Once the question of the defendants' identities has been resolved, they have been properly served, and any asserted immunity defenses have been resolved, the Court will *then* enter a further Order, if necessary, concerning the schedule for discovery.

**SO ORDERED**, this 25th day of April, 2018.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA