# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ERIC LATROY HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CV417-154 |
| SCMPD (CNT AGENTS), | ) ) ) |
| Defendants. | ) ) |

# ORDER

*Pro se* plaintiff Eric Harris brought this 42 U.S.C. § 1983 case to recover for injuries that he allegedly suffered as a result of the use of excessive force during his arrest. *See, e.g.,* doc. 8 at 5 (Amended Complaint). He is proceeding without counsel. Chatham County, Georgia and the City of Savannah, Georgia responded to his Complaint, asserting various defenses. Doc. 16 (Answer). Their response, however, did not identify the officers allegedly involved. *See id.* at 1 (responding on behalf of "CNT Agent 1, and CNT Agent 2"). The Court, therefore, directed counsel for the responding defendants to provide Harris with limited discovery so that he might identify the officers he contends exerted excessive force. Doc. 27.

The defendants complied and provided documentation of Harris' arrest. *See* doc. 28-1 (police reports). The Court then directed Harris to amend his Complaint and identify the officers. Doc. 30. Within the time provided for that amendment, he has responded, protesting that he is unable to identify the officers from the discovery materials. Doc. 31. He notes that defendants' prior response undertook to provide recordings of his arrest, which he now seeks in an effort to identify the officers and comply with the Court's Order. *Compare* doc. 28 at 1 (explaining that recordings are not in defendants' possession or control, but that defendants were "attempting to locate any audio/video and, if any, . . . provide[ it] by supplemental response"), *with* doc. 31 at 1 (repeating Harris' requests for "a copy of the actual audio/video footage from his arrest . . . as well as a narrative of the video.").

The Court might construe Harris' most recent filings in a number of ways: as a motion for an extension of time to comply with its amendment order until after production of the recordings, or as a motion to compel their production. Regardless of its technical construction, his most recent filing seeks the same identity information he sought before. *See* doc. 31 at 2 ("Harris is also request [sic] the Defendant to reveal the

identity of the 2 Agents that led Harris out of the house."). He has, however, made a good-faith attempt to clarify their identities based on the materials provided: he now clearly alleges that the officers, referred to (but *not* named) in an internal police report, are the officers who exerted the excessive force. *See* doc. 31 at 1 ("Lt. Gunditch [sic] reports only indicate the contact he witnessed outside of the house. *The 2 Agents in his report are the same Agents that are accused of excessive force.*" (emphasis added)).[1]

Again, the Court is confronted by the prospect of Plaintiff's service of a Rule 45 subpoena on Lt. Gundich, or the use of some other discovery device, to determine whether he can provide any further information concerning the relevant officers' identities. Before undertaking that process, however, the Court will again call upon counsel for the specially-appearing defendants. The Court **DIRECTS** counsel who prepared the

---

[1] The report identifies the CNT agents who were present when Harris was arrested. *See* doc. 28-1 at 5. Although Harris continues to refer to the officers who subjected him to excessive force as "agents," implying CNT agents, the documents provided suggest, on the contrary, that they were SWAT officers. *See id*. ("I (Lt[.] Gundich) was on scene during the warrant and observed Mr. Harris *led out of the house by SWAT* and turned over to CNT agents." (emphasis added)). None of the documents provided include *any* names of SWAT officers. *See generally* doc. 28-1. Thus, it is unclear whether, as defendants' response contends, the reports provided include "[a] list of *all officers* that entered the residence . . . and participated in detaining and arresting Eric Harris on 7/13/2017." Doc. 28-1 at 1.

3

limited Answer on behalf of the City and County to secure copies of any incident reports or other documents reflecting the identities of the SWAT officers present during the relevant events of July 13, 2017. If the officers' identities are not recorded in any document, counsel may simply disclose their identities (if known to them) or identify a proper official in the SWAT command who can appear for a court-supervised deposition pursuant to Fed. R Civ. P. 30 or who can answer a focused set of written questions posed pursuant to Fed. R. Civ. P. 31.[2] Counsel should file copies of the documents or report with the Clerk within thirty days from the date of this Order. If the responding parties believe the records or report contain information which should be protected from public disclosure, they are free to request that the documents be sealed, pursuant to the Court's Local Rule 79.7.

---

[2] The identities of the two SWAT officers are knowable, that knowledge is almost certainly within the possession of the City or County law enforcement officials, and the Court will see to it that that knowledge is disclosed to the Plaintiff. The use of Civil Rules 30, 31, and 45 can be cumbersome, costly, and time-consuming, particularly when those tools are placed in the hands of a *pro se* litigant. Both the Court and the parties have a duty "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. If a formal deposition (or series of depositions) in the courtroom is needed in this case, then that is what we will have. But the Court is satisfied that the able and highly professional attorneys who have appeared in this case for the defense, as well as the clients they represent, will much prefer a more informal mechanism for providing Plaintiff with the core information that he is clearly entitled to receive -- the names of the specific officers who allegedly mistreated him at the time of his arrest. Let us get past this hurdle as speedily and inexpensively as we can.

**SO ORDERED**, this <u>4th</u> day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA