# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC LATROY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-154 |
| | ) | |
| SCMPD (CNT AGENTS), | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court directed *pro se* plaintiff Eric Harris to file an Amended Complaint, based upon information about the officers involved in his arrest who allegedly subjected him to excessive force. Doc. 36. He timely responded to that directive. Doc. 37. His response, however, is inadequate. He now moves to compel further discovery. Doc. 38.

Harris alleges that he was subjected to excessive force during his July 2017 arrest. *See* doc. 8 at 5 (Amended Complaint). He sought to proceed against unnamed "CNT Agents." *See id.* at 1. The Court has explained to Harris several times that he must *identify* the officers who allegedly subjected him to excessive force. *See* doc. 27 at 2-3; doc. 30 at 2; doc. 36 at 1-2. Despite that direction, Harris has filed a request to amend

his allegations and "change the Defendants from SCMPD (CNT Agents) to . . . SCMPD (SWAT Team), Richard Green, Derek Bradley, ET AL. [sic] . . . ." Doc. 37. That request is not an Amended Complaint and it does not *identify* the officers in question. Harris has never contended that *every* SWAT officer identified in the discovery documents participated in the alleged excessive force, and he cannot proceed against the SWAT team as a whole unless he states a plausible claim against each of its members.[1]

Accordingly, the Court will provide Harris with **ONE** more chance to amend. His Amended Complaint must include a *coherent* "short and plain statement of the claim showing" that he is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). That means he must present the Court with the factual allegations that support his claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that defendant violated the law are not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). He is further

---

[1] Even if he does contend that every officer was involved, his request to modify the style of his Complaint does not comply with the Court's directive to file an Amended Complaint. To clarify, Harris must file a *new* Complaint that is complete in itself and which identifies, *by name*, the officers he contends subjected him to excessive force.

advised that his amended complaint will supersede the previous versions and therefore must be complete in itself.² Once he files an Amended Complaint, the original pleadings will no longer serve any function in the case. **He must file that amendment, by signing it and placing it within his prison's mail system, within 30 days from the date of this Order. Failure to comply may result in dismissal.** *See* Fed. R. Civ. P. 41.

As the Court has previously explained to Harris, discovery may proceed *after* the proper defendants have been identified and served. *See* doc. 27 at 4 n. 1. His present motion, seeking "video from the body cams that [the unidentified] SWAT [officers] had attached to there bullet proof vest [sic]" remains premature. Doc. 38 at 1. It is, therefore, **DENIED**. Doc. 38.

**SO ORDERED**, this <u>30th</u> day of July, 2018.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

² *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").