UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC LATROY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-037 |
| | ) | |
| MR. PANNIZZO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 2:43 pm, Jan 09, 2019

# **REPORT AND RECOMMENDATION**

This Court previously screened plaintiff's initial complaint pursuant to 28 U.S.C. § 1915A and found it wanting. Doc. 9. However, because plaintiff provided copies of grievances requesting law library access that were denied because he was not representing himself in this Court (*see* docs. 6 & 7), the Court issued an Order informing Chatham County Detention Center (CCDC) — in no uncertain terms — that Eric LaTroy Harris was proceeding pro se in this Court. Doc. 9; *see* CV417-154, doc. 44. It also warned Harris, yet again, that it could not "provide him with a Court order to increase his law library privileges beyond what the CCDC determines to be adequate." CV417-154, doc. 22. Nevertheless, Harris was granted an opportunity to amend his complaint. Doc. 9; Doc. 13.

Harris has returned, contending that the CCDC continues to "den[y] [him] access to legal services" because the Court "failed to state how many hours per week Harris was allowed to have access to the legal services or law library tablet[.]" Doc. 13 at 1.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). As Harris well knows from this Court's prior orders, "prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite'" to suit. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (*quoting Lewis v. Casey*, 518 U.S. 343, 351 (1996)), quoted in doc. 9 at 4. Here, Harris alleges he has been deprived of meaningful access and that it has prevented him from litigating his excessive force case. Doc. 13. But he has not alleged any *actual injury* from that deprivation. Indeed, Harris' excessive force case was *dismissed* for failing to comply with a Court Order (to amend his Complaint) and on abandonment grounds. *See* CV417-154, docs. 43 & 45.[1]

---

[1] Harris has disputed that dismissal, contending the Court failed to serve him with its Orders, including the Order requiring that he file an Amended Complaint at his new, updated address. CV417-154, doc. 48. Despite Harris' complaining, the *only* Order

That failure had naught to do with his law library access.

In other words, Harris's Amended Complaint still fails to demonstrate that he has been injured by inadequate law library access. His Complaint for deprivation of meaningful access to the courts should be **DISMISSED** without prejudice for failure to state a claim.[2]

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

---

that was returned was the Court's Order denying his motion for discovery and ordering him to amend his Complaint. Docs. 39 & 42. Shortly after that Order was served, Harris updated his address. Doc. 40. Based on that, and his silence to the Court's Order, the Court issued *another* Order resetting the deadline for Harris to file his Amended Complaint, in case its prior Order had missed him. Doc. 41 (giving Harris yet another extension of time to file an Amended Complaint). That Order was served on his updated 51st Street address, as reflected in the Court's *non*-public docket (where litigants' home addresses are kept private from public view) and was *not* returned undelivered. He failed to respond to the Order, and now sends missives again from CCDC without an updated change of address form. Docs. 47 & 48. To that end, the Clerk is **DIRECTED** to docket this Report and Recommendation (R&R) in both cases and serve this R&R on both addresses Harris has provided to ensure that there is no ambiguity as to service.

[2]  Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this R&R within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (*citing Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  9th  day of January, 2019.

*[signature: Christopher L. Ray]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA